# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                      Respondent,<br><br>   v.<br><br>DAVID RYAN HUFF,<br><br>                      Appellant. | No. 56985-0-II<br><br>UNPUBLISHED OPINION |

MAXA, J. – David Huff appeals the trial court's imposition of the victim penalty assessment (VPA) and seeks correction of a scrivener's error in the judgment and sentence regarding the criminal filing fee.

After Huff was convicted of attempting to evade a pursuing police vehicle, the trial court imposed the $500 VPA in the judgment and sentence. The court expressly waived all other legal financial obligations. However, the judgment and sentence imposed a $200 criminal filing fee.

Huff argues that the imposition of the VPA violates the excessive fines clause of the United States and Washington constitutions. We hold that in light of a newly enacted statutory

amendment that precludes imposing the VPA on an indigent offender, the trial court must reconsider imposition of the VPA based on a determination of whether Huff is indigent under RCW 10.01.160(3). And, as the State concedes, the imposition of the criminal filing fee in the judgment and sentence was a scrivener's error that must be corrected. Accordingly, we remand for the trial court to reconsider the imposition of the VPA and to strike the criminal filing fee.

## FACTS

*Background*

After a bench trial, the trial court found Huff guilty of attempting to evade a pursuing police vehicle. At sentencing, the court stated, "I'll waive all fines and fees that I can." Report of Proceedings at 174. The court did impose the mandatory VPA. The court then found Huff to be indigent for purposes of appeal.

The judgment and sentence imposed the $500 VPA and also included a $200 criminal filing fee. Huff appeals the trial court's imposition of the VPA and the criminal filing fee.

## ANALYSIS

A.    IMPOSITION OF THE VPA

Huff argues that imposition of the VPA violates the excessive fines clause of the Eighth Amendment to the United States Constitution and article I, section 14 of the Washington Constitution. However, this issue has been resolved by enactment of a new statutory provision regarding the VPA.

Under former RCW 7.68.035(1)(a) (2018), the trial court was required to impose the VPA on any person convicted of a crime. However, the legislature in 2023 passed Engrossed

2

Substitute House Bill 1169, which amended RCW 7.68.035 to prohibit courts from imposing the $500 VPA on indigent defendants as defined in RCW 10.01.160(3). LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(4). This amendment took effect on July 1, 2023. LAWS OF 2023, ch. 449.

Although this amendment was adopted after Huff was sentenced, it applies here because this case is on direct appeal. *See State v. Ramirez*, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018).

The trial court found that Huff was indigent for purposes of obtaining counsel on appeal, but the court did not expressly find that he was indigent under RCW 10.01.160(3). Therefore, we remand for the trial court to determine whether Huff is indigent under RCW 10.01.160(3) and to reconsider the imposition of the VPA based on that determination.

B.    SCRIVENER'S ERROR – CRIMINAL FILING FEE

Huff argues, and the State concedes, that his judgment and sentence contains a scrivener's error regarding the imposition of a $200 criminal filing fee. We agree.

At sentencing, the trial court stated that it would waive all the fees and fines that it could. But the judgment and sentence included a $200 criminal filing fee even though the court stated that all fees would be waived. It appears that the court failed to strike through the criminal filing fee on the judgment and sentence form. Therefore, on remand the criminal filing fee must be stricken from the judgment and sentence.

## CONCLUSION

We remand for the trial court to reconsider imposition of the VPA and to strike the criminal filing fee.

No. 56985-0-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, J.

We concur:

GLASGOW, J.

CRUSER, J.